# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Desiree Dold-Apger and Thomas Apger,<br>         Plaintiffs,<br>vs.<br>Friends of the San Pedro River, Inc., et al.,<br>         Defendants. | No. CV-11-397-TUC-DCB-DTF<br><br>**REPORT & RECOMMENDATION** |

Pending before the Court is Plaintiffs' Motion for Remand (Doc. 17) and the Government's Motion to Remand (Doc. 24). Defendants filed oppositions to both motions and three supplemental briefs. (Docs. 19, 28, 32, 34, 38.) Plaintiffs filed a reply and a supplemental reply. (Docs. 22, 33.) The Government filed a supplemental response. (Doc. 35.) Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Ferraro for a report and recommendation. The Magistrate recommends the District Court, after its independent review of the record, enter an order granting the remand motions.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 17, 2011, Plaintiffs filed a Complaint in Pima County Superior Court alleging negligence by Defendants Friends of the San Pedro River, Inc. (FSPR), and Nancy and Charles Doolittle.[1] (Doc. 1-3.) On July 1, 2011, Defendants removed the case to federal

---

[1] Plaintiffs amended the complaint to add Diane Marie Heath as a defendant. (Doc. 8.) Counsel Peter Kelly (who represents FSPR) acted as her representative for the sole purpose of accepting service on her behalf on July 21, 2011. (Doc. 16.) She has not made an appearance in this Court.

court. (Doc. 1.) Shortly thereafter, Defendants filed a petition for certification, asking the Court to find that Defendants were operating as federal employees at the relevant time and are protected by the Federal Tort Claims Act (FTCA).[2]

On October 22, 2008, the FSPR entered into a Group Volunteer Services Agreement with the Bureau of Land Management (BLM) to provide the following services:

> The Friends of the San Pedro River (FSPR) operate two gift shops/bookstores (San Pedro House and Fairbank Schoolhouse), lead guided walks/hikes and trail rides along the river and throughout the adjacent area, present educational programs to schools and community groups, participate in trail and maintenance projects, and assist BLM in a variety of other programs. FSPR is a volunteer, non-profit, non-political organization proving [sic] support to the BLM in their stewardship of the San Pedro Riparian National Conservation Area.

(Doc. 32, Ex. 1 at 1.)[3] The Agreement provides that volunteers are not deemed federal employees, except that while volunteers are acting within the scope of the Agreement, "they will be deemed as if they were Federal employees for purposes of the: (1) Federal Tort Claims Act, which protects Federal employees from liability for injury or damage to others while the employees are acting within the scope of their duties" (*id.*). *See also* 43 U.S.C. § 1737(f)(1) (authorizing the Secretary of the Interior to recruit volunteers to aid in the activities of the BLM and providing that one exception to volunteers not being treated as employees is the FTCA).

The president of the FSPR during 2009, Christopher Long, submitted an affidavit

---

[2] Defendants served the Petition for Certification on the United States (Doc. 18, 21), as required by 28 U.S.C. § 2679(d)(3). The Government then filed a motion to remand. In issuing this Recommendation, the Court does not reach whether the government has standing on the question of remand.

[3] The cited documents are attached to Defendants' supplemental brief. Although a petition for removal should include all the necessary factual allegations, the Supreme Court has indicated it is proper to consider the removal petition as amended to include later-filed evidence. *Willingham v. Morgan*, 395 U.S. 402, 407 & n.3 (1969). Plaintiffs have not questioned reliance on this evidence and the Court considers it.

about the FSPR and its relationship with the BLM.[4] Long averred that a representative of BLM attends the entirety of all FSPR board meetings, reviews the FSPR calendar of events and all published materials, and receives copies of the meeting minutes and monthly event flyers. (Doc. 32, Ex. 2 at 13, 14.) FSPR does not engage in any activity of which BLM does not approve. (*Id.* at 14.) When BLM withheld approval, the equestrian program was cancelled in 2010. (*Id.*)

The negligence claim in the Amended Complaint arises from a trail ride that Plaintiff Desiree Dold-Apger attended on August 8, 2009, which was organized by Defendants FSPR and Nancy Doolittle. Defendant Doolittle is alleged to have been responsible for organizing and supervising the ride. As pled by Plaintiffs, no rules for the ride were provided nor were riding abilities evaluated. Shortly after the ride began, Defendant Diane Heath allegedly loped her horse alongside Plaintiff to pass on the congested trail. Plaintiff alleges that Heath came too close to Dold-Apger, causing her horse to buck and throw her off. Plaintiff suffered bilateral wrist fractures, and a medial meniscal tear in her right knee.

**DISCUSSION**

At the time of removal, Defendants cited the FTCA as the basis for removal, arguing that Defendants were federal employees at the time in question. (Doc. 1 at 2-3.) After the United States Attorney notified Defendants that it believed removal was improper under the FTCA (Doc. 14, Ex. A), Defendants abandoned that ground for removal (Doc. 19 at 2).

In response to the motions to remand, Defendants clarified that their removal is based solely on 28 U.S.C. § 1442:

> A civil action brought in state court may be removed if it was brought against an officer, or a person acting under an officer, of the United States or an agency thereof sued in an individual or official capacity for any act under color of such office.

28 U.S.C. § 1442(a)(1).

---

[4] Defendants also rely on the BLM Volunteering Guide. However, the Court relies on the actual description of BLM involvement with FSPR, rather than a general description of expected oversight of BLM volunteers.

- 3 -

The purpose of the removal statute is to protect the government's operations from state interference with its officers when they are acting within their authority; avoid local prejudice against federal laws or officials; prevent the state from impeding enforcement of federal laws; and assure a forum for federal immunity defenses. *Watson v. Philip Morris Co., Inc.*, 551 U.S. 142, 150 (2007). To achieve the statutory goals a court should not narrowly interpret § 1442, rather, it is to be interpreted generously; a defendant must allege only a colorable claim that he comes within its parameters. *Jefferson County Ala. v. Acker*, 527 U.S. 423, 431-32 (1999); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252-53 (9th Cir. 2006). Although broadly construed, section 1442 requires a defendant to satisfy several requirements for proper removal: (1) that it is a "person" under the statute; (2) "there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims"; and (3) averment of a federal defense. *Durham*, 445 F.3d at 1251 (citing *Acker*, 527 U.S. at 431; *Mesa v. California*, 489 U.S. 121, 139 (1989)).

Plaintiffs argue that Defendants do not satisfy factor 2 because they were not acting under direct control of a federal officer with respect to the action upon which they are being sued. Defendants argue that they were acting within the scope of their agreement with BLM and, therefore, were deemed federal employees at the relevant time. Defendants rely on the information in the Long affidavit to establish that BLM directed and controlled FSPR activities. Specifically, that trail rides were, at the relevant time, a BLM-sanctioned activity. FSPR argues that the actual trail ride did not have to be under direct control of a BLM official because they knew of the event and did not object. Further, the volunteers were operating as employees for the event and it was up to BLM to impose the level of control it felt appropriate.

The caselaw indicates that to satisfy § 1442 a federal official "must have 'direct and detailed control' over the defendant." *Fung v. Abex Corp.*, 816 F.Supp. 569, 572 (N.D. Cal. 1992) (citing *Ryan v. Dow Chemical Co.*, 781 F.Supp. 934, 946 (E.D.N.Y. 1992) (collecting cases); *Gulati v. Zuckerman*, 723 F.Supp. 353, 358 (E.D. Pa. 1989)); *Bahrs v. Hughes Aircraft Co.*, 795 F.Supp. 965, 969 (D. Ariz. 1992) (the controlling question is "'to what

extent defendants acted under federal direction' at the time they were engaged in conduct now being sued upon."). This Court has noted that "[t]he mere fact that the government possessed the power to exercise control over the project does not establish that the power was in fact ever exercised." *Bahrs*, 795 F.Supp. at 970. As stated by other courts, defendant must show that the acts forming the basis of the suit "were performed pursuant to an officer's direct orders or comprehensive and detailed regulations." *In re Methyl Tertiary Butyl Ether*, 488 F.3d 112, 124 (2d Cir. 2007) (quoting *Ryan*, 781 F.Supp. at 947); *Good v. Armstrong World Industries, Inc.*, 914 F.Supp. 1125, 1128 (E.D. Pa. 1996).

Defendants attempt to distinguish the cases upon which Plaintiffs rely, *Fung*, *Ryan* and *Bahrs*. However, Defendants do not contest that those cases set forth the relevant standard to be applied in determining whether Defendants were acting under a federal officer at the time in question. Further, Defendants do not cite a single case to support their general argument that they were operating under a federal officer.

The specific actions of FSPR, that are alleged to have led to the current suit, were the failure to provide rules for the trail ride, the failure to assess the riders' abilities, and the failure to adequately supervise or organize the trail ride, including providing insufficient trail leaders. (Doc. 8 at 3-4.) Defendants have not alleged, nor provided any evidence that a federal official directed the organization of, or rules for, trail rides conducted by FSPR. To the contrary, the evidence indicates that FSPR chose to conduct trail rides and BLM, at that time, did not preclude the activity. Long stated in his affidavit that BLM has not participated in the training of FSPR volunteers for many years. (Doc. 32, Ex. 2 at 4.) Further, there is no suggestion that the trail rides were required by federal law or involved a federal duty. Even under the broadest interpretation, Defendants fail to meet at least one of the requirements of § 1442, that their actions were taken under the direction of a federal officer.

Despite abandoning the FTCA as the basis for removal, Defendants attempt to use the principles relevant to that statute to endorse removal under § 1442. In particular, FSPR appears to equate status as a federal employee for purposes of the FTCA with a federal official having direct control over the FSPR's actions. Those two things are not factually nor

legally equivalent. *See Vandeventer v. Guimond*, 494 F. Supp.2d 1255, 1265 (D. Kan. 2007) (noting a distinction between federal employee status for the FTCA and the requirement of "acting under" a federal officer for removal). The fact that FSPR and its members are deemed federal employees for purposes of the FTCA does not control whether removal is appropriate under § 1442. Further, FSPR erroneously argues that this removal is their only avenue to protection under the FTCA. As was briefed extensively, the FTCA provides a process for the government or a court to certify that a person was acting in the scope of federal employment, at which time the United States is substituted as the defendant and the case is removable. *See* 28 U.S.C. § 2679(d).

Defendants bear the burden of establishing removability, *see Wilson v. Republic Iron & Stell Co.*, 257 U.S. 92, 97 (1921); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004), and they have failed to do so. This result does not conflict with the purposes of the federal officer removal statute because litigating this matter in state court does not thwart any significant federal policy. *See Watson*, 551 U.S. at 150; *Ryan*, 781 F.Supp. at 950-51.

## CONCLUSION

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order GRANTING Plaintiff's and the Government's Motions to Remand. (Docs. 17, 24.)

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within 14 days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. Any

objections should be filed under the following case number: **CV-11-397-TUC-DCB**.

DATED this 14th day of October, 2011.

*D. Thomas Ferraro*
United States Magistrate Judge