IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Desiree Dold-Apger; Thomas Apger,<br><br>    Plaintiffs,<br><br>vs.<br><br>Friends of the San Pedro River, Inc., et al.,<br><br>    Defendant. | No. 11-397-TUC-JGZ<br><br>**ORDER** |

On October 14, 2011, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation in which he recommended that the Plaintiffs' Motion to Remand (Doc. 17) and the United States' Motion to Remand (Doc. 24) be granted. Defendant Friends of the San Pedro River, Inc. ("FSPR") filed an Objection to the Report and Recommendation (Doc. 46), and Plaintiffs replied. (Doc. 48.) FSPR then moved for permission to file a response to Plaintiffs' Reply. (Doc. 49.) Upon independent review and for the reasons stated herein, the Report and Recommendation is adopted and the motion to file a response (Doc. 49) is denied.

**I. Defendants' Motion for leave to file Response to Plaintiffs' Reply**

As an initial matter, the Court addresses Defendants' request for permission to file a reply to Plaintiffs' response to Defendants' objections to the R&R. Defendants contend that additional briefing is necessary because Plaintiffs' reply offers a new theory - "namely that FSPR has failed to aver a federal defense." The Court will deny the request. This matter

has been fully and completely and exhaustively briefed. Defendants have filed Responses to the two Motions to Remand (Docs. 19, 28), a Supplemental Brief in Opposition to Plaintiffs' and the Government's Motions to Remand (Doc. 32), a Reply to Plaintiffs' Response to FSPR's Supplemental Brief (Doc. 34), a Reply to the Government's Response to FSPR's Supplemental Brief (Doc. 38), and an Objection to the R&R (Doc. 46). The requirement that FSPR demonstrate "a colorable federal defense" was set forth in Plaintiffs' filings (Doc. 17), the Government's filing (Doc. 24), Defendants' filing (Doc. 32, p. 8 ) and the R&R (Doc. 39, p. 4). Defendants addressed this argument, asserting that the volunteer Agreement and the Long affidavit "sanction and [sic] a 'colorable federal defense'" and "their right to the federal defense of personal immunity under the FTCA." (Doc. 39, pp. 12, 15.) No opportunity for further briefing is warranted.

## II. Consideration of Report and Recommendation

### A. Standard of Review

The Court reviews *de novo* the objected-to portions of the R&R. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the R & R. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

### B. Factual Background

The factual background contained in Magistrate Judge Ferraro's R&R is uncontested. As such, it is adopted by reference herein.

### C. Discussion

This is a tort suit for negligence under Arizona state law. Plaintiffs allege that Defendants FSPR, a volunteer group, and Nancy Doolittle, one of FSPR's members, were negligent in the organization and supervision of a trail ride in which Plaintiff Desieree Dold-Apger was thrown from her horse and injured. Defendant FSPR's notice of removal indicates that the ground for removal is a Group Volunteer Services Agreement ("Agreement") between FSPR and the Bureau of Land Management ("BLM"); that Agreement deems members of FSPR federal employees for purposes of the Federal Tort

Claims Act ("FTCA").[1] Defendants filed a petition for certification pursuant to 28 U.S.C. § 2679(d)(3), asking the Court to find that Defendants were operating as federal employees at the relevant time and thus "are accorded protection under the [FTCA]." (Doc. 14.) In the Petition, FSPR asserted that removal was proper under "the federal officer/ agency removal statute, 28 U.S.C. § 1442." (*Id.*)

The Plaintiffs and the Government moved to remand this case to state court on the ground that this Court lacks subject matter jurisdiction. (Docs. 17, 24.) In his R&R, the Magistrate Judge recommended granting the Motions because Defendants failed to meet their burden of proving removability under § 1442. The Magistrate Judge found that: Defendants did not allege or provide any evidence that a federal official directed or asserted direct control over the trail rides conducted by FSPR; FSPR's activities were not required by federal law and did not involve a federal duty; and, thus, the Defendants failed to meet at least one of the requirements of § 1442. (Doc. 39, p. 5.) Defendants object to the R&R on two grounds and assert that: (1) the Magistrate Judge misapplied the governing law and (2) the Magistrate Judge failed to give effect to the Group Volunteer Services Agreement. Defendants appear to misunderstand the applicable law.

The Court is required to remand an action to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party invoking the federal court's jurisdiction carries the burden of establishing removability. *California ex rel. Lockyer v. Dynegy, Inc.,* 375 F.3d 831, 838 (9th Cir. 2004). Federal courts have limited jurisdiction, and therefore the law imposes a presumption against federal jurisdiction that requires the court to deny jurisdiction in all matters where such jurisdiction does not affirmatively appear in the record. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

---

[1] Under the Federal Tort Claims Act, 28 U.S.C. § 2671 et. seq., the United States may be sued, with certain exceptions, for the torts of its employees while acting within the scope of their employment. 28 U.S.C. §§ 2674-2675.

- 3 -

Section 1442(a)(1) allows federal officers and their agents to remove a case to district court based on acts performed under color of their federal office if they assert a colorable federal defense. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006). Section 1442(a)(1) provides:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office. . . .

A party seeking removal under § 1442(a) must establish that: (1) it is a "person" within the meaning of the statute; (2) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (3) it can assert a "colorable federal defense." *See Jefferson County Ala. v. Acker*, 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S. 121, 139 (1989); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006).

Defendants do not object to the Magistrate Judge's statement of the applicable law or his conclusion that Defendants bear the burden of proving removal under § 1442 by establishing each of the three prongs of the § 1442 test. Defendants object that the Magistrate should not have "got involved in such niceties as whether a federal official directed the organization or rules for the trail ride, and whether the ride was required by federal law or involved a federal duty." Defendants claim these niceties are unfair and would have the effect of voiding the deemed federal employee clause in the Group Volunteer Services Agreement. Defendants appear not to comprehend that they were required to establish these facts to demonstrate subject matter jurisdiction under § 1442(a)'s three-part test.

The court's analysis does not end, as the Defendants contend, with confirmation of the fact that the Agreement deems FSPR and its members federal employees. The issue the Court must decide is whether it has federal jurisdiction, not whether the defendants are

- 4 -

1 federal employees. As fully explained in the R&R, these are separate issues. Even if the
2 Court were to conclude that Defendants were deemed federal employees pursuant to the
3 Agreement, that conclusion would not be sufficient, in and of itself, to support jurisdiction
4 under § 1442(a). Section 1442 is a purely jurisdictional statute; it seeks to confer jurisdiction
5 where the defendant is a federal officer. *Mesa v. California*, 489 U.S. 121, 136 (1989). It
6 does not, however, independently support federal jurisdiction; rather "it is the raising of a
7 federal question in the officer's removal petition that constitutes the federal law under which
8 the action against the federal officer arises for Art. III purposes." *Id.* This principle is
9 demonstrated by the *Mesa* case. There, the Supreme Court held that United States postal
10 workers could not remove a state criminal proceeding to federal court even though the postal
11 workers wanted to challenge traffic citations they received while driving government trucks
12 in the course of their employment with the federal government. The Court rejected the
13 government's many arguments for expansion of the federal officer removal doctrine, and in
14 its concluding statement wrote: "Federal officer removal under 28 U.S.C. § 1442(a) must
15 be predicated upon averment of a federal defense." *Id.* at 139.

16 Looking to the three-part test, it is clear that the Agreement deeming FSRP and its
17 members federal employees is insufficient to confer federal subject matter jurisdiction on this
18 Court. The Magistrate Judge correctly concluded that Defendants did not satisfy the second
19 prong of the three-part test as they failed to show that there was a causal nexus between
20 Defendants' actions, taken pursuant to a federal officer's directions, and Plaintiffs' claims.
21 Neither the Group Volunteer Services Agreement nor the Affidavit of Christopher Long
22 demonstrated that a federal official directed the organization of, or rules for, the trail ride at
23 issue.

24 This Court also concludes that Defendants failed to satisfy the third prong of the test -
25 the assertion of a colorable federal defense. To confer jurisdiction under § 1442, a federal
26 officer must raise a colorable defense arising out of his duty to enforce federal law.
27 *Willingham v. Morgan*, 395 U.S. 402, 406-407 (1969). Defendants' removal petition and
28 many filings with this Court do not cite any federal statute or regulation which would support

- 5 -

1 a finding that Defendants were enforcing federal law. Defendants' reliance on the
2 Agreement between BLM and FSPR is unpersuasive because the Agreement does not, in and
3 of itself, provide a defense under federal law. Although Defendants assert that they would
4 be entitled to immunity under the FTCA, that immunity does not exist absent certification
5 by the Attorney General or by a court pursuant to 28 U.S.C. § 2679(d)(3). *See Vardeventer*
6 *v. Guimond*, 494 F.Supp.2d 1255,1267-68 (D. Kan. 2007) (defendants could not assert
7 immunity where they were not certified as federal employees under the Westfall Act and the
8 United States was never made a party to the action). Because there is no statutory basis for
9 removal of this action under § 1442(a), this Court lacks subject matter jurisdiction to rule on
10 Defendants' petition for certification asking the Court to find that Defendants were acting
11 as federal employees. *See Vardeventer*, 494 F.Supp. 2d at 1268. "Absent certification, §
12 2679(d)(3) directs that the case must be remanded to the state court in which the action
13 commenced." *Osborn*, 549 U.S. at 241-42; *see also Vardeventer*, 494 F.Supp. 2d at 1268.

14 In sum, Defendants have failed to meet their burden of demonstrating subject matter
15 jurisdiction under §1442(a). Thus, this case must be remanded. Upon remand, FSPR may
16 file a petition for a scope of employment certification. *Vardeventer*, 494 F.Supp. 2d at 1268;
17 *see* 28 U.S.C. § 2679(d)(1)-(3). The Court is aware that remand carries the risk of
18 "shuttling" this matter back-and-forth from state to federal court, however, this Court cannot
19 presume to know the intentions of the Attorney General and without subject matter
20 jurisdiction, this Court is without power to entertain the certification issue. This Order does
21 not determine whether Defendants should be deemed federal employees, only that this Court,
22 at this time, lacks jurisdiction to decide that issue

23 Accordingly, IT IS HEREBY ORDERED as follows:
24 (1) United States Magistrate Judge Ferraro's Report and Recommendation (Doc. 39)
25 is ACCEPTED AND ADOPTED;
26 (2) Plaintiff's Motion to Remand (Doc. 17) is GRANTED;
27 (3) The United States' Motion to Remand (Doc. 24) is GRANTED;
28 (4) Defendants' Petition for Certification (Doc. 14) is DENIED;

- 6 -

(5) Any other pending motions in this case are denied as moot;

(6) This matter is REMANDED to the Pima County Superior Court (Cause # C20113684);

(7) The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Pima County Superior Court; and

(8) The Clerk of the Court shall then close its file in this matter.

Dated this 19th day of July, 2012.

Jennifer G. Zipps
United States District Judge